UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JONES,

    Plaintiff,

v.

TA OPERATING CORPORATION d/b/a
TRAVEL CENTERS OF AMERICA, INC.,

    Defendant.
_____/

Case No. 06-15028

Honorable Nancy G. Edmunds

**ORDER CANCELLING FEBRUARY 27, 2008 HEARING AND DENYING
DEFENDANT'S MOTION FOR COSTS PURSUANT TO FED. R. CIV. P. 68 AND
SANCTIONS PURSUANT TO FED. R. CIV. P. 11 [15]**

Plaintiff's claims alleging race discrimination and retaliation brought pursuant to Title VII, 42 U.S.C. §§ 2000e-2(a)(1) (2003), were earlier dismissed when this Court granted Defendant's motion for summary judgment. This matter comes before the Court on Defendant's motion for costs pursuant to Rule 68 of the Federal Rules of Civil Procedure and for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. The Court finds that the facts and legal arguments are adequately presented in the motion and the parties' briefs and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), Defendant's motion will be decided on the briefs and without oral argument.

Defendant's motion is DENIED. First, Rule 68 does not apply in situations like this where it is the Defendant-offeror that obtains a judgment in its favor. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 350-52 (1981). Second, because Defendant failed to comply

with the safe harbor provisions of Rule 11, it is not entitled to Rule 11 sanctions. Fed. R. Civ. P. 11(c)(2).

**I.    Relevant Procedural Facts**

On February 13, 2007, shortly after Plaintiff's deposition, Defendant's counsel notified Plaintiff's counsel that, because Plaintiff had no direct or indirect evidence to support his claim, Defendant would be filing a "Notice of Intention to Claim Sanctions under Rule 11" and a motion for summary judgment unless Plaintiff filed a voluntary dismissal with prejudice and without costs, interest, or attorney fees. (Def.'s Ex. B, 2/13/07 letter.) Defendant did not enclose a copy of the a proposed motion for Rule 11 sanctions or the Notice of Intention to Claim Sanctions under Rule 11.

On March 1, 2007, Defendant filed with the Court a "Notice of Intention to Claim Sanctions Pursuant to Federal Rule of Civil Procedure 11" asserting that: (1) based on Plaintiff's deposition testimony, he does not have any direct or indirect evidence to support his claims of discrimination or retaliation; and (2) Plaintiff was put on notice of Defendant's intention to file this Notice and rejected an opportunity to voluntarily dismiss his case. (Docket No. 6).

Also on March 1, 2007, Defendant filed with the Court an Offer of Judgment in the amount of $1,000, inclusive of all costs, interest, and attorney fees. (Docket No. 5.)

Defendant subsequently filed a motion for summary judgment which this Court granted on October 23, 2007. (Docket Nos. 13, 14.) It then filed this motion for Rule 68 costs and Rule 11 sanctions on November 2, 2007. Defendant seeks costs from the Plaintiff in the amount of $27,104.34 and sanctions against Plaintiff's attorney in the amount of $50,000.

## II. Analysis

### A. Costs Cannot Be Awarded to Defendant Under Rule 68

Defendant first argues that it is entitled, under Rule 68, to $27,104.34 in costs it incurred in this matter after the date of its Offer of Judgment. Defendant is mistaken. It is well-established that Rule 68 does not apply when it is the Defendant who obtains a judgment in its favor after its offer of judgment is rejected by the Plaintiff.

> In *Delta Air Lines [v. August*, 450 U.S. 436, 350-52], the Supreme Court held that Rule 68 only applies to offers made by the defendant and to judgments obtained by the plaintiff, and does not apply in cases where the defendant obtains the judgment. *Id.* The Court reasoned that the purpose of Rule 68 is to induce settlement. *Id.* But there is little incentive to impose additional Rule 68 burdens on a nonsettling plaintiff who loses, because liability for costs is incidental to defeat. *Id.*

*Erickson's Flooring & Supply Co., Inc. v. Tembec, Inc.*, No. 03-74214, 2007 WL 1009501, *2 (E.D. Mich. March 29, 2007). *Accord, Danese v. City of Roseville*, 757 F. Supp. 827, 831 (E.D. Mich. 1991) ("Rule 68 applies only when the district court enters judgment in favor of a plaintiff for an amount less than the defendant's settlement offer.") Under circumstances like those presented here where it is Defendant who has prevailed, "the discretionary cost shifting provisions of Rule 54(d) apply." *Sullivan v. Greenwood Credit Union*, 499 F. Supp. 2d 83, 89 (D. Mass. 2007).

### B. Sanctions Cannot be Awarded Under Rule 11

Defendant also requests that this Court impose sanctions against Plaintiff's counsel under Rule 11. Defendant argues that in circumstances like these, where Plaintiff's counsel concedes (Resp. at 2) that it was apparent that Plaintiff should dismiss his claims, it is not enough for counsel to argue that Plaintiff would not agree to a voluntary dismissal.

3

Rather, Defendant argues, Plaintiff's counsel should have moved to withdraw as counsel, and her failure to do so subjected her to Rule 11 sanctions. Despite the logic of this argument, Defendant's request for Rule 11 sanctions is denied because Defendant failed to comply with Rule 11's safe harbor provisions.

The 1993 amendments to Rule 11 provide that the imposition of sanctions for Rule 11 violations is discretionary, not mandatory. Fed. R. Civ. P. 11, 1993 amendments, advisory committee's note. *See also Ridder v. City of Springfield*, 109 F.3d 288, 293-94 (6th Cir. 1997). The party seeking Rule 11 sanctions must satisfy the procedural requirements of Rule 11(c)(2), commonly known as Rule 11's "safe harbor" provision. This is an absolute requirement for Rule 11 sanctions. *See id.* at 296. The safe harbor provision sets out a two-step process. First, the Rule 11 motion must be served on the opposing party. Second, the moving party must wait until 21 days after service before filing the Rule 11 motion with the Court. The text of Rule 11(c) is as follows:

> **(c) Sanctions.**
>
> **(2) Motion for Sanctions.** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2).[1]

Prior to filing its motion for summary judgment, Defendant filed with the Court a Notice

---

[1] Fed. R. Civ. P. 11(c)(1)(A) was redesignated as Fed. R. Civ. P. 11(c)(2) in the amendments to the Federal Rules of Civil Procedure that became effective December 1, 2007. Rule 11, advisory committee notes, 2007 amendment.

4

of intention to claim sanctions under Rule 11. Defendant, however, did not follow the required procedure of first serving a Rule 11 motion on Plaintiff and then waiting 21 days after service before filing the motion with the Court to allow Plaintiff an opportunity to withdraw the challenged claims. Even if Defendant's Notice of intention to claim sanctions under Rule 11 is construed as a Rule 11 motion, there is no evidence in the record that Defendant first served that pleading on Plaintiff and then waited 21 days before filing it with the Court. As observed in the advisory committee notes to the 1993 amendments to Rule 11, "the revision provides that the 'safe harbor' period begins to run only upon service of the [Rule 11] motion." *Id.* at advisory committee notes, 1993 amendments. Informal notice absent actual service of a Rule 11 motion does not suffice to satisfy Rule 11's safe harbor provisions. *See id.*

Because Defendant failed to comply with Rule 11's procedural requirements, it is not entitled to Rule 11 sanctions. *See Ridder; McKenzie v. Berggren*, 212 F.R.D. 512, 514 (E.D. Mich. 2003)(same); *Bell v. Prefix, Inc.*, No. 05-74311, 2007 WL 3071534, *2 (E.D. Mich. Oct. 11, 2007) (rejecting an argument that a letter notifying the plaintiff of the defendant's intent to bring a Rule 11 sanction motion and a motion for summary judgment was insufficient to satisfy Rule 11's procedural requirements).

### III. Conclusion

For the foregoing reasons, Defendant's motion for costs pursuant to Fed. R. Civ. P. 68 and for sanctions pursuant to Fed. R. Civ. P. 11 is DENIED.


    s/Nancy G. Edmunds

Nancy G. Edmunds
United States District Judge

Dated: February 20, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 20, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager